IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MYRL COPELAND, | ) | |
| ELAINE BACKES, | ) | |
| CYNTHIA HOWSER, | ) | |
| ROBERT STARKE, | ) | |
| CHARLES STARKE, | ) | |
| STEVE REYNOLDS, and | ) | |
| STANLEY HALDERMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-4275-CV-C-NKL |
| | ) | |
| ABB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is ABB, Inc.'s ("ABB") Motion for Costs [Doc. # 51]. For the reasons set forth below, the Court grants ABB's Motion.

Also pending is Cynthia Howser's ("Howser") Motion for Liquidated Damages, Attorney's Fees, and Costs [Doc. # 50]. For the reasons set forth below, the Court denies Howser's Motion without prejudice.

**I.      Background**

   **A.      The Court's Order on Summary Judgment**

Plaintiffs were employees of ABB. They sued ABB and alleged that the company violated the Fair Labor Standards Act ("FLSA") by requiring them to use their paid leave time when they sought medical treatment for work-related injuries. In an Order dated

1

February 7, 2006, the Court resolved the parties' cross motions for summary judgment [Doc. # 44]. It granted summary judgment in favor of ABB on the FLSA claims of six of the Plaintiffs. The Court, however, granted summary judgment against ABB and in favor of Howser, the seventh Plaintiff.

### B. The Pending Motions

ABB moves for costs it incurred in defending the cases pursued by the six Plaintiffs. It does not pursue any costs associated with defending Howser's claim. *See* ABB's Suggestions [Doc. # 52] at p. 2, n. 1. ABB states that it incurred costs in the amount of $5,681.52. ABB does not pursue its attorney's fees arising from the claims of any of the Plaintiffs.

In her Motion, Howser moves for the imposition of liquidated damages under the FLSA. She also moves for her attorney's fees and costs.

## II. Discussion

### A. ABB's Motion

ABB moves for its costs under Fed. R. Civ. P. 54(d)(1), which provides:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). Rule 54 codified the presumption that a prevailing party is entitled to its costs. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001) (citing *Greaser v. Missouri Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir.

1998)).

ABB states that its costs for defending the six Plaintiffs' claims was $5,681.52, which consisted of $5,330.25 for deposition-related expenses and $351.27 for photocopying expenses. Plaintiffs do not refute the amounts submitted by ABB.

Under Rule 54, ABB is entitled to costs as the prevailing party and the language of section 216(b) of the FLSA does not alter that proposition. Section 216(b) states that in situations where a plaintiff obtains a judgment against a defendant, then:

> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). This statutory section does not preclude awarding costs to a prevailing defendant because it sets forth the remedies available to a plaintiff that obtains a judgment; it does not concern Rule 54 or the presumption created by it. Therefore, section 216(b) does not alter the rule espoused in Rule 54 that a prevailing defendant is entitled to costs in FLSA actions. *See Davis v. City of Hollywood*, 120 F.3d 1178 (11th Cir. 1997); *Matthews v. Allis-Chalmers*, 769 F.2d 1215, 1219 (7th Cir. 1985) (section 216(b) "merely details the remedies available to prevailing plaintiffs, without addressing the award of costs available to successful defendants."), *overruled on other grounds*, *Oxman v. WLS-TV*, 846 F.2d 448 (7th Cir. 1988).

### 1. *ABB's Deposition-Related Expenses*

ABB incurred $5,330.25 in deposition-related expenses, which included taking the non-successful Plaintiffs' depositions and obtaining the transcripts from the depositions

3

of the defense witnesses. The Court will award ABB the total deposition costs related to the non-successful Plaintiffs, which is $3,925.50, because ABB prevailed on those claims in their entirety.

Regarding the costs ABB incurred to obtain deposition transcripts for the defense witnesses, the Court will reduce those costs by one-seventh to reflect Howser's successful claim. The transcripts were used not only to defend against the non-successful Plaintiffs' claims, but also against the claims of Howser. Therefore, they should be adjusted to reflect Howser's successful claim and the portion attributed to her should be deducted. The Court will deduct one-seventh of the transcript costs that ABB incurred in obtaining the deposition transcripts of John Suttenfield, Beverly Reed, Bruce Bax, Dena Saak, and Dr. Edward Runde. The adjusted figure for these transcript costs is $1,204.07. The total sum of ABB's deposition-related costs is $5,129.57.

### 2. *ABB's Photocopying Costs*

ABB's total photocopying costs consists of in-house photocopying at a rate of $0.15 per page and the costs ABB incurred in obtaining copies of the non-successful Plaintiffs' medical records. The in-house photocopying costs were $150.60 and the medical record photocopying costs for the non-successful Plaintiffs was $200.67. ABB is entitled to recover the photocopying costs of obtaining the medical records of the non-successful Plaintiffs because it prevailed on those claims in their entirety.

Regarding the in-house photocopying, ABB states that it has already reduced the photocopying expenses of its discovery requests propounded to Plaintiffs to reflect

4

Howser's successful claim. *See* ABB's Suggestions [Doc. # 52] at Ex. B. Similarly, ABB has already reduced the in-house photocopying expenses related to producing documents to reflect Howser's successful claim. The Court will rely on those representations made by ABB's counsel, and conclude that counsel has verifiably segregated its copying costs between the individual Plaintiffs, so that no jointly used documents are being charged to the unsuccessful Plaintiffs. The sum of those expenses is $94.50 and the Court will not further adjust that figure.

The remaining in-house photocopying costs are primarily ABB's pleadings and its responses to Plaintiffs' discovery requests. The Court finds that these should also be reduced by one-seventh to reflect Howser's successful claim. The adjusted figure for the remaining photocopying expenses is $48.09.

Combining ABB's medical record photocopying costs, its already-adjusted in-house photocopying costs, and the adjusted photocopying costs related to pleadings and other documents, the total of ABB's photocopying costs is $343.26.

### 3. *Summary*

Combining ABB's adjusted deposition-related expenses and its adjusted photocopying costs yields a sum of $5,472.83, which reflects ABB's total recoverable costs in this action.

### B. Howser's Motion

### 1. *Liquidated Damages*

Section 216(b) of the FLSA authorizes a court to impose liquidated damages. 29

U.S.C. § 216(b). A "trial court has discretion not to award liquidated damages if the employer demonstrates that the violation was in good faith and objectively reasonable." *Cross v. Arkansas Forestry Comm'n*, 938 F.2d 912, 917 (8th Cir. 1991).

In this case, ABB initially attempted to pay Howser for the September 2004 appointment with her doctor. However, Howser believed that she should not be required to use her vacation time to see a doctor for her work related injuries. She, therefore, elected to take unpaid leave.

When ABB did not pay Howser for her September 2004 appointment, it was acting at her behest and at the demand of her counsel. Therefore, the Court cannot logically conclude that ABB was acting in bad faith or unreasonably when it did not pay Howser for the appointment. Howser's request for liquidated damages is denied.

### 2. Attorney's Fees and Costs

Under the FLSA, a prevailing plaintiff is entitled to recover reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

Plaintiffs seeking attorney's fees have the burden of producing reliable documentation of their attorney's work. *See Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (reducing fee award because of inadequate documentation). This requirement exists in part so that courts may review whether attorneys have adequately exercised "billing judgment" in making their fee request. *See Hensley v. Eckerhart,* 461

6

U.S. 424, 434 (requiring attorneys to use billing judgment in their fee requests). When time records are inadequate, courts may reduce the number of hours the plaintiff seeks. *See, e.g., Philipp*, 61 F.3d at 675 (approving reduction of fee by 1/3 because of inadequate records).

Howser is correct that she is entitled to attorney's fees under the FLSA because she obtained a judgment against ABB. However, she has failed to satisfy her burden of demonstrating the amount of attorney's fees to which she is entitled. Howser has not submitted any time records for her counsel nor has she submitted a total amount of attorney's fees that she believes is justified. The Court, therefore, cannot determine the amount of the attorney's fees to which Howser is entitled.

Similarly, Howser has submitted no documentation regarding the costs she incurred in pursuing this action. Her Motion lists a number of items that may be recoverable costs, but she fails to attach a monetary value to them. The Court, therefore, denies Howser's request for costs because it cannot fashion a judgment in the absence of information.

**III.  Conclusion**

Accordingly, it is hereby

(1)  ORDERED that ABB's Motion for Costs [Doc. # 51] is GRANTED in part. ABB is awarded costs in the amount of $5,472.83.

(2)  ORDERED that Howser's Motion for Liquidated Damages, Attorney's Fees, and Costs [Doc. # 50] is DENIED without prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE:  June 20, 2006
Jefferson City, Missouri

8