IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MYRL COPELAND, | ) | |
| ELAINE BACKES, | ) | |
| CYNTHIA HOWSER, | ) | |
| ROBERT STARKE, | ) | |
| CHARLES STARKE, | ) | |
| STEVE REYNOLDS, and | ) | |
| STANLEY HALDERMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-4275-CV-C-NKL |
| | ) | |
| ABB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff Cynthia Howser's ("Howser") First Amended Petition for Attorneys' Fees [Doc. # 60]. For the reasons set forth below, the Court grants in part Howser's Motion.

**I.    Background**

   **A.    The Court's Order on Summary Judgment**

Plaintiffs were employees of ABB, Inc. ("ABB"). They sued ABB and alleged that the company violated the Fair Labor Standards Act ("FLSA") by requiring them to use their paid leave time when they sought medical treatment for work-related injuries. In an Order dated February 7, 2006, the Court resolved the parties' cross motions for summary judgment [Doc. # 44]. It granted summary judgment in favor of ABB on the

1

FLSA claims of six of the Plaintiffs.

The Court, however, granted summary judgment against ABB and in favor of Howser. The Court found, based on the undisputed evidence, that ABB directed Howser to attend a September 2004 appointment and that she was entitled to 3.8 hours of compensation for that visit. The Court found that Howser was not entitled to compensation for two other doctors' appointments because she was not directed to attend those appointments by ABB.

### B. The Court's Order on Attorneys' Fees and Costs

On June 20, 2006, the Court entered its Order regarding ABB's Motion for Costs and Plaintiffs' Motion for Attorneys' Fees [Doc. # 58]. The Court granted ABB's Motion and awarded it costs in the amount of $5,472.83. Although the Court found that Howser was a prevailing party entitled to attorneys' fees under the FLSA, it nonetheless denied her Motion because:

> [S]he has failed to satisfy her burden of demonstrating the amount of attorney's fees to which she is entitled. Howser has not submitted any time records for her counsel nor has she submitted a total amount of attorney's fees that she believes is justified. The Court, therefore, cannot determine the amount of attorney's fees to which Howser is entitled.

*See* Order [Doc. # 58] at p. 7. Because Howser failed to submit the appropriate evidence to support her claim, the Court denied her Motion.

## II. Discussion

ABB disputes that Howser is entitled to any attorneys' fees because she prevailed on only one of the appointments for which she sought damages. ABB also argues that

2

Plaintiffs' claims in their entirety were so meritless that an award of fees would be inappropriate. ABB's arguments do not alter the fact that Howser is a prevailing party under the FLSA and she is statutorily entitled to some award of attorney's fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). ABB's arguments are considerations to be taken into account in calculating the amount of those fees, but they are not a basis for denying the fee award outright.

The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is often referred to as the "lodestar." *See, e.g.*, *Lindy Bros. Builders, Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3rd Cir. 1976). The party seeking the award should submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 434. In other words, counsel must exercise "billing judgment" and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." *Id*. at 434 (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).

To determine the lodestar amount, courts may consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform

3

the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 265 n.25 (8th Cir. 1985) (noting that the Eighth Circuit has adopted the *Johnson* factors).

### A. The Hourly Rate

Howser retained Gerald Kretmar ("Kretmar") to work on her case. Kretmar states that his normal hourly rate is $250 per hour. Kretmar was assisted in the case by his law partner, Robert Appleton ("Appleton"), and he also normally charges $250 per hour. Kretmar's law clerks also assisted in the case and he charged $25 per hour for their work. Kretmar and Appleton are both longtime attorneys who graduated from law school in the 1970s, and Kretmar's practice is devoted almost entirely to representing labor unions and their members. Given the attorneys' experience, and Kretmar's specialty in labor law, the Court finds the hourly rates submitted by Howser are reasonable.

### B. The Number of Hours

Howser stated that Kretmar expended a total of 462 hours on this case and Appleton expended a total of 3.5 hours on this case. Multiplying these hours by $250 yields a gross amount of $116,375. The law clerks employed by Kretmar's firm

4

expended a total of 58.25 hours. Multiplying these hours by $25 yields a result of $1,456.25. Combining these two gross amounts, the fees that Howser incurred equal $117,831.25.

Howser took this total and divided it by seven to account for the claims of the six non-prevailing Plaintiffs. Howser then further reduced that figure by one-half to account for her limited success against ABB. After making these adjustments to the gross figure above, Howser seeks a total attorneys' fee of $8,416.63.

ABB argues Howser's requested fees are still unreasonable because some of the time entries relate to Kretmar's work on behalf of all Plaintiffs--not just Howser. However, Howser already considered that fact when she voluntarily reduced her fees by six-sevenths; thus, the fees related to other Plaintiffs have already been adequately discounted.

ABB also argues that Howser's recovery of one-half of her incurred fees does not accurately represent her recovery in the case. Howser pursued damages for three doctors' appointments, but she recovered for only one doctor's appointment. Howser also failed to obtain any of the equitable relief or the liquidated damages she sought in this case. Because Howser prevailed on one-third of her claims, the Court finds it is more appropriate to award her only one-third of her sought after fees rather than one-half.

The Court also finds it is appropriate to not allow Howser to recover for some of the time entries submitted by Kretmar. The Court finds that the following are not appropriately billed to ABB because they reflect clerical work performed by Kretmar: (1)

5

1/18/2005 entry for faxing joint proposed scheduling plan to ABB's counsel (.5 hours); (2) 1/19/2005 entry for faxing Rule 26 disclosures to ABB's counsel (.25 hours); and (3) 1/19/2006 entry for putting file back in order (2.75 hours).[1] These entries reflect clerical work and ABB should not have to bear the burden of paying Kretmar $250 per hour to perform clerical tasks.

Based on the foregoing, the Court will reduce the 462 hours submitted by Kretmar by 3.5 hours for a total of 458.5 hours.

**C.  Summary**

Based on the foregoing, the Court will award a total attorneys' fee to Howser in the amount of $5,569.35.  This figure reflects the following:

| | | |
|---|---|---|
| 458.5 hours billed by Kretmar at a rate of $250 per hour | = | $114,625 |
| 3.5 hours billed by Appleton at a rate of $250 per hour | = | $875 |
| 58.25 hours billed by Kretmar's law clerks at a rate of $25 per hour | = | $1,456.25 |

The total for these three figures is $116,956.25.  The Court will reduce this figure by six-sevenths to reflect the non-prevailing Plaintiffs in the case and that calculation yields $16,708.04.  The Court will further reduce this figure by two-thirds to reflect Howser's limited success on her claims against ABB.  That adjusted figure is $5,569.35 and that is

---

[1] There is a second entry wherein Kretmar billed 1.25 hours for putting the file back in order, but he included in that entry that he also reviewed ABB's summary judgment submission. *See* Pl. Ex. 1 [Doc. # 60] at 12/2/2005 entry.  The Court is unable to discern how much of that time is attributable to clerical work and, because it is a nominal amount of time, the Court will not strike it from Howser's request.

6

Case 2:04-cv-04275-NKL   Document 63   Filed 08/15/06   Page 6 of 7

the amount of fees that the Court will order.

**III.     Conclusion**

Accordingly, it is hereby

ORDERED that Howser's First Amended Motion for Attorneys' Fees [Doc. # 60] is GRANTED in part.  The Court awards Howser fees in the amount of $5,569.35.


                                                    s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

DATE: August 15, 2006
Jefferson City, Missouri